HAWKINS, Circuit Judge,
concurring in part and dissenting in part:
I agree that absolute immunity is not available to Defendants Gregory and Baka and concur in that part of the disposition. I also concur in the dismissal of Plaintiffs equal protection claims. However, because I believe Fennell’s Complaint provides a colorable, if perhaps insufficiently detailed, basis for assertion of due process and First Amendment violations, I would remand to the district court to permit Fen-nell to amend his Complaint. I would not conclude that the Attorneys General are entitled to qualified immunity with respect to these claims at this time.
The discretionary nature of the Commonwealth law providing public employees with government counsel may preclude Fennell from claiming a property interest in appointed counsel, but it has no bearing on his clearly established due process right to have government counsel, once appointed, remain independent and conflict-free. As we have previously recognized, “[e]thical canons and the common law have long prohibited the representation of adverse parties.” Smiley v. Office of Workers Comp. Programs, 984 F.2d 278, 282 (9th Cir.1993) (citing ABA Model Rules of Professional Conduct Rule 1.7(a) (1989); ABA Model Code of Professional Responsibility DR 5-105 (1981)); see also Unified Sewerage Agency of Wash. Cy., Or. v. Jelco Inc., 646 F.2d 1339, 1345 (9th Cir.1981); Nat’l Farmers Union Prop. & Cas. Co. v. O’Daniel, 329 F.2d 60, 66 (9th Cir.1964). While the Commonwealth Superior Court may have had discretion under the Public Employees Legal Defense and Indemnification Act, 7 CMC §§ 2301 et seq., to decide whether to provide Fennell with counsel from the Office of the Attorney General, the Attorney General (“AG”) lacked discretion to abandon its “duty of undivided loyalty” owed Fennell once he became a client. See Smiley, 984 F.2d at 282.
While there certainly are cases from various jurisdictions permitting individual attorneys from an AG’s office to represent conflicting interests concurrently where private firms could not, this exceptional allowance should be permitted only where such an office provides sufficient safeguards guaranteeing independent, conflict-free representation of each client. See, e.g., State v. Klattenhoff, 71 Haw. 598, 801 P.2d 548, 551-52 (1990) (permitting concurrent representation of conflicting interests “when the AG can ensure independent representation for the competing parties” not resulting in prejudice to either (emphasis added)). Fennell alleges the Commonwealth AG here failed to maintain adequate safeguards in representing both him and the Mariana Public Lands Authority *37 (“MPLA”), which is suing him.[1] The Commonwealth Attorneys General should not be entitled to qualified immunity against such a claim. See Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).
But Fennell alleges more than a failure to maintain independence of representation: he claims the AG defendants purposefully interfered with his right to conflict-free representation to intimidate and retaliate against him for his whistle-blowing activities, in violation of his First Amendment rights to free speech and access to the courts. Fennell’s constitutional rights in this regard are also clearly established. See Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir.2010); Pratt v. Rowland, 65 F.3d 802, 806 & n. 4 (9th Cir.1995); Soranno’s Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989).
Because I believe that Fennell has pled colorable due process and First Amendment claims, I respectfully dissent from the portions of the disposition concluding otherwise. To the extent that specificity is lacking in the Complaint, I would vacate and remand with instructions to allow Fennell opportunity to amend so as to comply with the pleading requirements set forth in Ashcroft v. Iqbal, — U.S.-, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).

. Defendants’ argument that the Attorney General is obligated under Commonwealth law, see NMI Const, art. 3, § 11; 1 CMC § 2153(h), to represent the MPLA is unavailing, as Commonwealth law also recognizes and provides an exception for situations in which conflicts of interest may render the hiring of outside counsel appropriate. See 7 CMC § 2209 ("In the sole discretion of the Attorney General, outside counsel may be employed for the purposes of this Act as may be appropriate.”).